IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

JUL 3 0 2004

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| SHARON CASTILLO, | ) | CASE NO. 03-33225-H3-13 |
| | ) | |
| Debtor, | ) | |
| | ) | |
| SHARON CASTILLO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ADV. NO. 03-4108 |
| | ) | |
| A & M REAL ESTATE | ) | |
| DEVELOPMENT, LTD. and | ) | |
| CONCORD SERVICING CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

The court has held a trial in the above captioned adversary proceeding. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the relief requested by Plaintiff. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

On May 19, 2000, Sharon Castillo ("Debtor") and Robert Castillo executed a promissory note and a deed of trust with respect to real property located in Hockley, Texas. The note was made payable to Defendant A & M Real Estate Development. ("A&M")

(Defendant's Exhibits 2, 3).

Denise Blackburn, vice president of A&M General Partners, Inc.,[1] testified that A&M utilized the services of Defendant Concord Servicing Corporation ("Concord") to post payments received from Debtor[2] to Debtor's account. The payments were placed in a lockbox bank account, and Concord was notified of the payment in order to post the payment to Debtor's account.

Blackburn testified that Debtor's payments on the note were current as of May 30, 2001. She testified that, by February, 2002, Debtor's payments were approximately four months in arrears. She testified that Debtor made partial payments after February, 2002, which were held unapplied by Concord, and were applied to the account only when there were sufficient funds to constitute a full month's payment under the note.

On November 11, 2002, A&M gave Debtor notice of default, and notice of its intent to accelerate the debt. (Defendant's Exhibit 6).

On December 14, 2002, A&M gave Debtor notice of a foreclosure sale to be conducted on January 7, 2003. (Defendant's Exhibits 7, 8).

---

[1] This appears to be an entity affiliated with Defendant A&M.

[2] Although Robert Castillo signed the note, he is not a Debtor in the instant bankruptcy case. Accordingly, the singular "Debtor" is used in this opinion.

2

On December 9, 2002, five days prior to the notice of foreclosure sale, Debtor transmitted a $350 payment to A&M's lockbox account. Concord posted the payment as unapplied funds. (Defendant's Exhibit 9).

On January 7, 2003, the property was sold to A&M at a foreclosure sale.

On January 13, 2003, Debtor transmitted an additional $350 payment to A&M's lockbox account. Concord posted the payment, and, because the January 13, 2003 payment combined with the December 9, 2003 payment was in excess of one month's payment under the note, applied the payment to the note. (Defendant's Exhibit 9).

In the instant adversary proceeding, Debtor seeks entry of judgment setting aside the January 7, 2003 foreclosure sale. Debtor alleges that A&M waived its right to accelerate and foreclose by virtue of accepting the December 9, 2003 and January 13, 2003 payments.

## Conclusions of Law

A properly completed foreclosure sale prevents cure and reinstatement of a mortgage. In re McKinney, 174 B.R. 330 (Bankr. S.D. Ala. 1994).

Debtor cites Musso v. Lodwick, 217 S.W.2d 165 (Tex. App.--Dallas, 1949); Bodiford v. Parker, 651 S.W.2d 338 (Tex. App.--Ft. Worth, 1983) for the proposition that acceptance of

3

past due payments on a note waives the option to accelerate as to the past default.

Neither of these cases applies to the issue raised in the instant adversary proceeding. Musso v. Lodwick involves an oral waiver of the right to accelerate. In Bodiford v. Parker, the court held that a contractual waiver of notice of intent to accelerate was unenforceable after the mortgagor accepted late payments.

Waiver is the intentional relinquishment of a known right, or intentional conduct inconsistent with claiming that right. Bott v. J.F. Shea Co., 299 F.3d 508 (5th Cir. 2002), citing Sun Exploration & Production Co. v. Benton, 728 S.W.2d 35, 37 (Tex. 1987).

In the cases construing whether to find waiver as a result of acceptance of late payments, courts have typically looked to a pattern of acceptance of late payments, such that the maker justifiably believes that no acceleration will take place. See e.g. McGowan v. Pasol, 605 S.W.2d 728 (Tex. App.--Corpus Christi 1980); Matter of Marriage of Rutherford, 573 S.W.2d 299 (Tex. App.--Amarillo 1978).

In the instant case, there is no pattern of acceptance of late payments after notice of default. After giving notice of default, there was one partial payment made prior to foreclosure, and that partial payment was held unapplied at the time of

4

foreclosure. The court concludes that A&M did not knowingly relinquish its right to accelerate the indebtedness. The court concludes that A&M did not waive its right to accelerate and foreclose pursuant to the deed of trust.

Based on the foregoing, a separate Judgment will be entered denying the relief requested by Plaintiff.

Signed at Houston, Texas on this ___29___ day of ___July___, 2004.

LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE